No. 708.—ARPHA M. SMITH, Widow of S. Smith, deceased, v. ELIZABETH McWATERS et al.

If the principal obligation, such as a promissory note, be prescribed, the mortgage given to secure its payment falls with it.

An original holder of a promissory note who has transferred it by indorsement, before maturity, can not be held liable, as indorser, unless he receives notice from the holder at maturity, that the maker has failed to pay. But the holder can enforce the mortgage given by the maker to secure the note.

A party acting in the capacity of a general agent is not capacitated to waive notice and protest of a note indorsed by his principal. Such waiver is not binding on the principal, unless the power to make it is express and special.

Notes given for land and slaves can only be enforced for that portion which is ascertained to be for the land. And where the evidence in the record fails to show what portion is for land and what for slaves, the case will be remanded, with instructions to the judge a quo to ascertain, by evidence, the relative proportion of each, and give judgment accordingly.

APPEAL from the Third District Court, parish of St. Mary. *Gates, J.* *R. N. McMillan* and *John E. King*, for plaintiff and appellee. *Gibbon & Wilson*, for defendants and appellants.

TALIAFERRO, J. This suit is brought by the plaintiff against the defendant and husband and John Tarlton to enforce a mortgage against two tracts of land, one of which is in possession of Mrs. McWaters, and the other in possession of the other defendant, Tarlton.

The defendants severed in their answers. Tarlton's answer is a general denial; that of Mrs. McWaters avers that having passed three of the negotiable notes sued on, by indorsement, before maturity, the plaintiff, by her laches in not having the notes protested when due, and giving notice, she has lost recourse upon the defendant as indorser; that if liable for the debt sued on, it is only to the extent of her own note, forming part of the price of the land purchased from plaintiff. The judgment of the lower court was in favor of the plaintiff for the amount of the four notes, and decreeing a sale of the tract of land in possession of the defendant, McWaters, who has taken this appeal.

The facts seem to be that in June, 1857, the defendant, Tarlton, bought a plantation and twenty-six slaves from Mrs. Elizabeth McWaters, at the price of $75,000. Ten thousand dollars were paid in cash. The purchaser assumed the payment of outstanding liabilities against his vendor to the extent of forty thousand dollars, and,

-432    SUPREME COURT OF LOUISIANA.

Arpha M. Smith, Widow of S Smith, v. Elizabeth McWaters et al.

.besides, executed in her favor four promissory notes—one for $5000 ; the other three for $6666 66 each falling due respectively on the first .day of January in the years 1858, 1859, 1860 and 1861, with eight per .cent. interst per annum from maturity, and gave a special mortgage on the property purchased to secure the payment of the price. Mrs. McWaters subsequently bought a plantation with the stock of cattle, work animals and farming implements upon it, from Homer Smith, for which she gave the four notes of Tarlton, above described, and one note of her own for $872 32. She indorsed the Tarlton notes to Homer Smith and subrogated him to all her rights and action of mortgage ·upon them. The property thus purchased was declared in the act of sale " to be and remain specially mortgaged and hypothecated until the full, entire and punctual payment of said notes, as well as the one given herewith, with all interest that may accrue, etc. It appears .that the note for $5000 was paid at its maturity by Tarlton to Homer Smith, and that the latter indorsed over to the plaintiff the other three notes executed by Tarlton and the individual note of the defendant, Mrs. McWaters.

In this court the defendant and appellant pleads against two of the notes sued on the prescription of five years. This plea, we think, should be sustained. The two notes due respectively on the first of January, 1859 and first of January, 1860, were not put in suit until ·October, 1865 ; the citation being served on the twenty-eighth of that month. Although Mrs. McWaters specially mortgaged the plantation she purchased from Smith to secure the payment of the Tarlton notes, as well as her own, still the principal obligation, to the extent of the two notes prescribed, being extinguished, the accessory right of mortgage to the same extent became extinguished also. Having indorsed the Tarlton notes before their maturity to her vendor, she was entitled .to the right of notice of their dishonor. No protest having been made, and no notice of non-payment being given, she was released from any personal obligation to pay the Tarlton notes. The plaintiff shows that a brother of the defendant acted generally in business matters as her agent, and that he, acting in that capacity, waived demand, protest and notice. There was no written authority to this agent to make .the waiver, nor any express .power shown to have been given to him, in any manner, to do the act, and we think it void and without effect. 2 An. 418.

We think both the land mortgaged by Tarlton to secure the payment of his notes to Mrs. McWaters, and that mortgaged by her to Homer Smith is hypothecarily bound for the payment of the note of Tarlton due first of January, 1861. The plaintiff is entitled to judgment against Mrs. McWaters for the amount of her individual note with recognition of mortgage upon the land purchased by her from Homer Smith to secure its payment.

The notes of Tarlton having been given for both land and slaves, the payment of the one not prescribed can only be enforced to the extent to which the land mortgaged formed its consideration. We find no evidence in the record that enables us to fix the relative value of the land and slaves mortgaged, and must therefore refer the case to the lower court for further proceedings for that purpose.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the plaintiff recover from the defendant, Mrs. Elizabeth McWaters, the sum of eight hundred and seventy-two dollars and thirty-two cents, with interest at eight per cent. per annum from the first day of January, 1861, until paid, and that the land and plantation mortgaged by defendant to secure its payment, as shown by act passed before James G. Parkinson, notary public, of the parish of St. Mary, on the nineteenth of June, A. D., 1857, be seized and sold to pay the said sum and interest and all costs of suit.

It is further ordered that this case be remanded to the court of the first instance, with instructions to ascertain, by competent evidence, the relative value of the land and slaves sold by the defendant, Mrs. Elizabeth McWaters to John Tarlton, and mortgaged by him to the vendor by act before the aforesaid notary on the sixteenth of June, A. D. 1857, and to fix, ratably, the deduction to be made from the amount of the note hereinbefore referred to as executed by said Tarlton, and which became due on the first of January, 1861.

It is further ordered that the amount legally due on said note being ascertained according to the above instructions, and in conformity with the principles announced in the case of Sandidge v. Sanderson, 21 An. 757, its payment be enforced by seizure and sale of the lands mortgaged, respectivelv, as aforesaid, by John Tarlton and Mrs. Elizabeth McWaters.

It is further ordered that this case be remanded for the purpose of inquiry into the question of prescription raised by defendant, for the first time, in this court. The plaintiff and appellee paying costs of this appeal.

———

## ON APPLICATION FOR REHEARING.

TALIAFERRO, J. The application for rehearing is refused. The omission, by clerical error, in the decree, to insert the credit of eighty dollars and eighty cents, to which the note of Elizabeth McWaters for $872 32, dated June 19, 1857, is entitled, and which credit took effect on the first of March, 1862, we now correct, and order, that as thus corrected, the judgment remain unaltered.